WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Murillo, et al., | No. CV-15-02297-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Glendale, et al., | |
| Defendants. | |

Pending before the Court is Defendant City of Glendale's Motion for Summary Judgment (Doc. 163). For the following reasons, the Motion is granted in part and denied in part.

## BACKGROUND

### I. The Incident

At the summary judgment stage, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Disputed facts are "viewed in the light most favorable to" Plaintiffs Margarita Rodriguez and Raul Murillo, the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

James Murillo, an incapacitated adult, lives with his parents, Plaintiffs Margarita Rodriguez and Raul Murillo. On October 24, 2014, Margarita called 911 because James was having a seizure. Glendale City emergency responders, including Defendants Sean Alford and Daniel Padilla, responded to the call. When the emergency personnel arrived

at the residence, Margarita explained to them that James suffers from multiple mental and emotional disorders. On the recommendation of the emergency responders, Margarita and Raul agreed that James should be taken to a hospital for evaluation and treatment. James was placed on a gurney and the emergency responders began to wheel the gurney to the ambulance. As James was being wheeled from the house, he suddenly began flailing his arms and struck his father Raul in the face. Alford warned James to not hit anyone and asked him to be cooperative, explaining that they were taking him to the hospital.

As the gurney was being wheeled down the driveway by Padilla, Alford, and others, James again began flailing his arms, this time striking Alford in the face. Alford and Padilla both responded by striking James as he lay on the gurney while two other firefighters held down James's arms. During the struggle, Padilla was also struck. At some point during this altercation Raul confronted the firefighters, attempting to have them attack him rather than his son. Alford pushed Raul away multiple times. Eventually, Raul went inside the house after being told to back away from the situation.

As a result of the struggle between James and the emergency responders, the gurney tipped over. Two firefighters attempted to subdue the still-combative James, which they were eventually able to do by administering a chemical restraining drug. A shouting match then ensued between the responders and the family, during which Alford yelled at James, "You're (expletive) dead meat, (expletive). I'm going to have you for everything you have." (Doc. 176-10 at 45). One firefighter (Plaintiffs do not identify who) also told Margarita and Raul that he was "going to come back and kill you and all your family." (Doc. 176-9 at 78). Police eventually arrived, handcuffed James, and he was taken to the hospital.

The City Attorney's Office for the City of Glendale investigated the incident. It issued a report finding that Padilla and Alford had violated Human Resources Department and Fire Department policies and procedures that prohibit the use of profane language toward the public. The Report also concluded that there was no video or

eyewitness evidence that Padilla, specifically, had intended to intimidate or threaten anyone. Following the issuance of the Report, Alford was given a sixteen hour suspension without pay, and Padilla was given an eight hour suspension without pay.

**II. Procedural History**

James, Margarita, and Raul filed this action against the City of Glendale, Alford, and Padilla in the Superior Court for Maricopa County. (Doc. 1-1). Defendants then removed the action to this Court. (Doc. 1). In this Court, James Murillo completely refused to participate in the action in any way, and as a result, this Court granted Defendant's Motion for Sanctions (Doc. 102), and dismissed all of James's claims. (Doc. 153). Margarita and Raul's claims remain, and Defendants now move for summary judgment on all of them. (Doc. 163).

**DISCUSSION**

**I. Legal Standard**

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment," and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.

Parties opposing summary judgment are required to "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[] that the materials cited do not establish the absence . . . of a genuine dispute." FED. R. CIV. PRO. 56(c)(1). If the

non-moving party's opposition fails to do so, the court is not required to comb through the record on its own to come up with reasons to deny a motion for summary judgment. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001); *Forsberg v. Pacific N.W. Bell Tel. Co*., 840 F.2d 1409, 1418 (9th Cir. 1988).

**II.     Plaintiffs' § 1983 Claims**

Plaintiffs make a number of claims under 42 U.S.C. § 1983 in their Amended Complaint. "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). There is no dispute between the parties that Alford and Padilla acted under color of state law. The dispute centers instead on whether or not Alford and/or Padilla violated Margarita and Raul's rights under federal law.

First, Margarita and Raul allege that their Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated by Alford, Padilla, and the City of Glendale. They also allege that the City of Glendale violated its "constitutional duty to ensure that all of its firefighters, . . . act in a manner so as to preserve the constitutional rights and citizens of the City . . . " and its "constitutional duty to properly train, supervise, and discipline members of the Fire Department, to ensure that the activities of its firefighters are lawful, and to preserve the rights and privileges guaranteed to the citizens of the City of Glendale . . . ." (Doc. 76 at ¶¶ 133–34). Defendants move for summary judgment on each of the claims.

**A.     Fourth, Fifth, and Eighth Amendment Claims**

Summary judgment is appropriate regarding Margarita and Raul's Fourth, Fifth, and Eighth Amendment claims. Margarita and Raul make vague allegations of Fourth, Fifth, and Eighth Amendment violations in their Amended Complaint. (Doc. 76 at ¶ 74). However, in response to Defendants' motion for summary judgment, Margarita and Raul have failed to cite to materials in the record that establish a genuine dispute of a material fact as to any issue involving such claims. In fact, in responding to Defendants' motion,

Margarita and Raul do not even refer to the Fourth, Fifth, or Eighth Amendment violations they alleged. Accordingly, summary judgment is granted on these claims.

**B.     Fourteenth Amendment Claim**

Margarita and Raul claim that Alford and Padilla violated their Fourteenth Amendment rights by subjecting them to "arbitrary governmental activity which shocks the conscience of a civilized society." (Doc. 76 at ¶ 78(B)(b)). They do not elaborate much on this claim, arguing only that Alford and Padilla's "irrational and arbitrary screaming of threats and profanity while beating Plaintiffs' son" violated Margarita and Raul's constitutional rights. (Doc. 174 at 8). This argument seems to assert that (1) Alford and Padilla violated Plaintiffs' constitutional rights by using threatening and profane language directed at them, or (2) Alford and Padilla violated Plaintiffs' constitutional rights by causing them emotional distress by beating their son in front of them. Neither argument establishes the violation of a federally protected right. The use of vulgar or threatening language by state actors does not violate an individual's civil rights and "verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation marks omitted). *See also Gaut v. Sunn* 810 F.2d 923, 925 (9th Cir. 1987) ("We find no case that squarely holds a threat to do an act prohibited by the Constitution is equivalent to doing the act itself."). Margarita and Raul fail to point out any cases holding otherwise. So to the extent that Margarita and Raul's Fourteenth Amendment claim is based on "irrational and arbitrary screaming of threats and profanity," it fails as a matter of law.

And if the claim is characterized instead as an unconstitutional infliction of emotional distress caused by witnessing the attack on James, it likewise fails. That would be a state tort law claim—not cognizable under section 1983. *See Conner v. Sticher*, 801 F.2d 1266, 1269 (11th Cir. 1986) ("[A] number of cases have held that a tort law claim of intentional infliction of emotional distress does not give rise to a constitutional deprivation actionable under section 1983."); *Grandstaff v. City of Borger, Tex.*, 767 F.2d

161 (5th Cir. 1985) ("Negligent infliction of emotional distress is a state common law tort; there is no constitutional right to be free from witnessing . . . police action."); *Williams v. City of Boston*, 784 F.2d 430, 435 (1st Cir. 1986) ("[A] constitutional right to be free from emotional distress has never been articulated by the Supreme Court."); *see also Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."). Margarita and Raul cite no cases to the contrary.

Because Plaintiffs have failed to demonstrate a genuine dispute of a material fact regarding their Fourteenth Amendment claim, summary judgment in favor of Defendants is appropriate. Since Alford and Padilla did not violate Plaintiffs' constitutional rights, the Court does not address the argument that they are entitled to qualified immunity.

### C. Constitutional Claims against the City of Glendale

A municipality may be held liable under 42 U.S.C. § 1983 where the municipality causes a constitutional violation through the execution of its official policy. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, the Supreme Court has concluded that "it is inconceivable" that a municipality may be held liable under section 1983 if its officers did not inflict a constitutional injury in the first place. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Since Alford and Padilla did not violate the constitutional rights of Margarita or Raul, the City of Glendale cannot be held liable as a matter of law, and summary judgment in favor of the city is appropriate.

### III. Plaintiffs' State Law Claims

Defendants move for summary judgment on Margarita and Raul's state law claims as well. But the original basis[1] for federal court jurisdiction over these state law claims no longer exists since the Court has entered summary judgment on each of Margarita and Raul's federal claims. "[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)."

---

[1] This Court exercised supplemental jurisdiction over Margarita and Raul's state law claims under 28 U.S.C. § 1367(a).

*Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has explained that "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The Ninth Circuit has suggested further that "[w]hen . . . the court dismisses the federal claim leaving only state claims for resolution, the court *should* decline jurisdiction over the state claims." *Les Shockley Racing, Inc. v. National Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989) (emphasis added).

This case does not present significant factors in favor of this Court retaining jurisdiction over Margarita and Raul's state law claims. The Arizona courts have a vested interest in deciding claims brought under Arizona tort law. And because this court has granted a discovery period on those claims and the issues have been briefed, the parties merely need to refile their existing arguments on the state law claims in state court for a summary judgment determination on those remaining claims. It will be just as fair and convenient to the parties to litigate the remaining state law claims in state court. This court therefore declines to continue to exercise supplemental jurisdiction over Margarita and Raul's state law claims.

**IV. Plaintiffs' Punitive Damages Claims**

Finally, Margarita and Raul are not entitled to punitive damages under section 1983 because Defendants did not violate their constitutional or federal rights. And, as stated above, the Court declines to exercise jurisdiction over the remaining state law punitive damages claims.

**CONCLUSION**

For all these reasons, Defendant's Motion for Summary Judgment is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that:

1. Defendant's Motion for Summary Judgment (Doc. 163) on Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment claims against Defendants Alford and

Padilla (Count I) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (Doc. 163) on Plaintiff's section 1983 claim against Defendant City of Glendale (Count VII) is **GRANTED**.

3. Defendant's Motion for Summary Judgment (Doc. 163) on Plaintiff's state law claims (Counts III, V, VI, and VIII) is **DENIED**.

4. The Clerk of Court is directed to remand Plaintiffs' remaining state law claims to the Superior Court for Maricopa County for further proceedings.

Dated this 11th day of October, 2018.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge